**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| STEPHEN PAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:22-cv-979 MTS |
| | ) | |
| DR. LYMAN WESTREL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Stephen Page for leave to commence this civil action without prepayment of the required filing fee. Doc. [2]. Having reviewed the motion, the Court will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will allow plaintiff the opportunity to submit an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

On September 21, 2022, the Court entered an Order directing plaintiff to submit a certified copy of his inmate account statement for the six-month period immediately preceding the filing of his complaint, which is required when a prisoner seeks *in forma pauperis* status. Doc. [4]. Plaintiff's response was due on October 21, 2022, but he has not complied or asked for an extension. Therefore, the Court will require plaintiff to pay an initial partial filing fee of $1.00, an amount that is reasonable based upon the information the Court has about plaintiff's finances. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). Any claim that plaintiff is unable to pay that amount must be supported by a certified inmate account statement detailing plaintiff's account for the preceding six months.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible

2

claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Self-represented plaintiff Stephen Page asserts he is currently being detained at the Warren County Jail in Warrenton, Missouri due to a probation violation. In the Caption of his form complaint, he lists three defendants: (1) Dr. Lyman Westrel, (2) Nurse Kristie, and (3) Lt. Schlutter. Doc. [1 at 1]. Plaintiff indicates he is suing defendants Dr. Westrel and Nurse Lyman in both their official and individual capacities but is silent as to the capacity he intends to sue defendant Lt. Schlutter. *Id.* at 2-3.

In the section of the form complaint designated to provide his statement of claim, plaintiff writes in its entirety:

> Injured right hand and shoulder
> July 8th 2022
> Warren County Jail, Housing Unit C
> Torn Tendon, Unknown Shoulder Injury
> Doctor failed to treat injury, Nurse failed to schedule appointments.

*Id.* at 3. For relief, he seeks "medical care for injuries, actual, pain and suffering, $5,000.00 punitive." *Id.* at 5.

## Discussion

Having thoroughly reviewed and liberally construed plaintiff's complaint, the Court concludes that it is subject to dismissal. However, in consideration of plaintiff's self-represented status, the Court will allow him to submit an amended complaint.

### A. Official Capacity

Plaintiff explicitly indicates he is suing defendants Dr. Westrel and Nurse Lyman in their official and individual capacities. He does not, however, indicate whether he is suing Lt. Schlutter in his official capacity, individual capacity, or both. Personal-capacity suits typically allege that a government official is individually liable for the deprivation of a federal right, as a result of actions taken outside the scope of his official duties, but under color of law. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). In such suits, the face of the complaint must clearly notify the defendant that he may be personally liable for any damages arising out of the suit. *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). When a plaintiff does not specify whether the defendant is being sued in his personal or official capacity, the court interprets the complaint as including only official capacity claims. *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995). This pleading requirement is strictly enforced by the Eighth Circuit. *See Murphy v. Arkansas*, 127 F.3d 750, 755

4

(8th Cir. 1997). Thus, the Court will interpret the instant complaint as stating only an official capacity claim against Lt. Schlutter.

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). To prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075.

It is well-established that a department or subdivision of local government, such as a jail, is not a "juridical," or suable entity, under 42 U.S.C. § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992); *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("county jails are not legal entities amenable to suit"); *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department because they are not suable entities). Consequently, plaintiff's complaint is legally frivolous and/or fails to state a claim against defendants in their official capacities who all appear to be employees of the Jail.

Even if Warren County is substituted as the employer of defendants, plaintiff still fails to state a claim. Unlike the Jail, a local governing body such as Warren County can be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). To prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Here, plaintiff provides no allegations that Warren County has an unconstitutional policy or custom that makes it liable for the alleged violations of his constitutional rights. Indeed, there is no mention whatsoever of any policy or custom anywhere in the complaint, and there are no allegations regarding a pattern of similar constitutional violations by other Warren County employees. Warren County is not mentioned in the statement of the claim. Therefore, plaintiff's official capacity claims against all defendants are subject to dismissal. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

**B.  Individual Capacity**

As discussed above, plaintiff has brought this action against defendants Dr. Westrel and Nurse Lyman in their individual capacities. Plaintiff alleges he injured his right hand and shoulder on July 8, 2022. He then states that the "Doctor failed to treat injury" and the "Nurse failed to

6

schedule appointments." Doc. [1 at 3]. Such allegations are conclusory and do not provide sufficient facts to support a plausible claim for failure to treat a serious medical condition.

A civil rights complaint must contain enough facts to state a claim as a matter of law and must not be conclusory. *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). If plaintiff wishes to sue defendants in their individual capacities, plaintiff must specifically say so in the complaint, and must allege facts connecting the defendants to the challenged action. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). "It is not enough to allege that [a] 'defendant[ ]' refused to treat his injuries. A federal complaint must contain the 'who, what, when and where' of what happened, and each defendant must be linked to a particular action." *Drummer v. Corizon Corr. Health Care*, 2016 WL 3971399, at *1 (E.D. Mo. July 25, 2016).

Here, for example, plaintiff generally alleges "the Doctor" failed to treat him. Plaintiff does not identify "the Doctor" as Dr. Westrel, he does not allege that Dr. Westrel knew about his injury, and does not provide any facts as to what exactly Dr. Westrel failed to do. A general refusal to treat allegation, without additional information, is nothing more than a conclusory statement and cannot suffice to state a cause of action under the Eighth Amendment. *See Miles v. Corizon Healthcare*, 2019 WL 2085998, at *4 (E.D. Mo. May 13, 2019). Plaintiff's allegations, without any additional facts, are simply too vague and conclusory to permit the inference that defendants were deliberately indifferent to a serious medical need.

Thus, liberally construing the complaint, plaintiff's individual capacity allegations are subject to dismissal pursuant to § 1915(e)(2)(B) for failure to state a claim. In consideration of plaintiff's self-represented status, the Court will permit him to file an amended complaint.

7

**Instructions on Amending the Complaint**

Plaintiff is advised that the filing of an amended complaint completely replaces the original complaint, so it must include all claims plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court-provided prisoner civil rights complaint form, and the amended complaint must comply with the Federal Rules of Civil Procedure. *See* E.D. Mo. L.R. 2.06(A).

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even self-represented litigants are obligated to abide by the Federal Rules of Civil Procedure and to plead specific facts as to each named defendant. *See U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Plaintiff is required to set out his alleged claims in a simple, concise, and direct manner, along with facts supporting his claims as to each named defendant. *See* Fed. R. Civ. P. 8(a)(2) (complaint should contain short and plain statement of claims); 8(d)(1) (each claim shall be simple, concise, and direct); 10(b) (parties are to separate their claims within their pleadings and the contents of which shall be limited as far as practicable to a single set of circumstances). Plaintiff should fill out the complaint form in its entirety.

In the "Caption" section of the complaint form, plaintiff must state the first and last name, to the extent he knows it, of the defendant or defendants he wants to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both. Plaintiff is permitted to attach additional pages, if necessary, to list each defendant named in the Caption and

specify: (1) the person's job title; and (2) what capacity he is suing the person. Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim(s).

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write the specific facts supporting his claim or claims against that defendant. If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant, and set forth as many claims as he has against him or her. *See* Fed. R. Civ. P. 18(a). Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal. Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If Plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Plaintiff must explain the role of each defendant so that each defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

9

If plaintiff fails to file an amended complaint on a Court-provided form within thirty (30) days in accordance with the instructions set forth herein, the Court may dismiss this action without prejudice and without further notice to plaintiff.

### Motion to Appoint Counsel

Lastly, plaintiff has filed a motion for appointment of counsel. Doc. [3]. In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time. Plaintiff has yet to file a complaint that survives initial review, so it cannot be said that he has presented non-frivolous claims. Additionally, this case appears to involve straightforward factual and legal issues, and there is no indication that plaintiff cannot investigate the facts and present his claims to the Court. The Court will therefore deny his motion without prejudice, and will entertain future motions for appointment of counsel, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis*, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within thirty (30) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff two blank Prisoner Civil Rights Complaint forms.  Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint on the Court's form within **thirty (30) days** of the date of this Order. Plaintiff is advised that his amended complaint will take the place of his original complaint and will be the only pleading that this Court will review.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel, Doc. [3], is **DENIED** at this time without prejudice.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 7th day of November, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE